IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br>    Plaintiff, </br></br> v. </br></br> GREAT LAKES CHEMICAL CORPORATION </br></br>    Defendant. | Civil Action No. </br> 1:09-cv-1042-HFB |

## CONSENT DECREE

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (the "Commission"), instituted this action on behalf of Cecil Delphin, Murphy Chambliss, and a class of former Black employees, alleging that Defendant Great Lakes Chemical Corporation (the "Defendant"), discharged them because of their race, Black, in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

Defendant denies that it discriminated against Delphin, Chambliss, and a class of former Black employees in violation of Title VII.

On March 18, 2009 (the "Petition Date"), Defendant filed a voluntary petition under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and Defendant's chapter 11 case is being administered under the case caption, *In re Chemtura, et al.*, Case No. 09-11233(REG).

On August 21, 2009, the Bankruptcy Court entered a "Bar Date Order," which required any person or entity asserting a claim that arose against the Defendant to file a proof of claim with the Bankruptcy Court on or before October 30, 2009.

On September 29, 2009, the Commission filed two duplicate proofs of claim with the Bankruptcy Court, which were subsequently designated claim numbers 1748 and 1774 (together, the "EEOC Claims"), based upon the claims asserted in this case.

The Bankruptcy Court temporarily disallowed the EEOC Claims on the basis that it is subject to this pending litigation.

On November 3, 2010, the Bankruptcy Court entered an order confirming the *Joint Chapter 11 Plan of Reorganization of Chemtura Corporation, et al.* (the "Plan"). On November 10, 2010, the "Effective Date" of the Plan occurred, and Defendant emerged from chapter 11.

The parties wish to resolve the instant controversy and potential objections to the EEOC Claims without the expense, delay, and burden of further litigation.

In the event this proposed Consent Decree is not approved by the Court, the Bankruptcy Court, or does not become final, then it shall not be admissible in evidence in any other proceedings or any subsequent proceeding in this action.

This Court has reviewed the terms of the Consent Decree in light of the applicable laws and regulations and the representations of counsel for all parties and hereby approves the Consent Decree.

## I.   JURISDICTION

The United States District Court for the Western District of Arkansas, El Dorado Division, has jurisdiction over the parties and subject matter of this litigation.  The

Bankruptcy Court shall have jurisdiction over all matters within its core jurisdiction as defined in 28 U.S.C. § 157(b)(2).

## II.  GENERAL PROVISIONS

This Consent Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of Title VII.

## III.  SCOPE AND DURATION OF AGREEMENT

1.  By entering into this Consent Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than Charge Nos. 251-2006-00152 and 493-2006-00699, filed by Cecil Delphin and Murphy Chambliss respectively that created the procedural foundation for the Complaint filed in this case.

2.  This Consent Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referred to herein and arising out of Charge Nos. 251-2006-00152 and 493-2006-00699.

3.  No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by both parties. No representations or inducements to compromise this action have been made other than those recited or referenced in this Consent Decree.

4.  This Consent Decree shall become effective upon the first business day after all of the following conditions have occurred (the "Effective Date"):

    (a)  the Consent Decree has been executed by the Defendant and the

Commission;

(b) the Bankruptcy Court has entered an order approving the settlement of the EEOC Claims under the Consent Decree; and

(c) this Court has entered the Consent Decree.

5. This Consent Decree shall remain in effect for a period of 18 months from the Effective Date.

## IV. INJUNCTIVE RELIEF

1. Defendant, its officers, agents, management employees, (including supervisory employees), at the IOB Unit of Defendant's El Dorado, Arkansas Central location, are enjoined from terminating any employee on the basis of race.

2. Defendant, its officers, agents, management, (including supervisory employees), at the IOB Unit of Defendant's El Dorado, Arkansas Central location, are enjoined from retaliating against any employee.

## V. TRAINING

1. Within 120 days of entry of this Decree by the Court, Defendant shall provide two hours of race and color discrimination training to all supervisory and management personnel at the IOB Unit of the Central Plant at its El Dorado, Arkansas facilities. James Gary, Defendant's counsel, shall administer the training. The training must occur on a day when Bubba Wilson and Eddie Bryant can attend, in the event both are still employed by the Defendant at the IOB Unit.

2. Defendant shall utilize the Commission's EEOC Compliance Manual, Section 15: Race and Color Discrimination as a model for the training.

3. Defendant shall provide to the EEOC a roster of all attendees and a copy

of the training materials. Defendant will also forward this information to Pamela B. Dixon, Senior Trial Attorney for the EEOC at the address listed on the signature page of this Decree.

### VI. POLICY PROHIBITING DISCRIMINATION BASED ON RACE

1. Within ten days after receiving the race and color discrimination training, Defendant will require each manager and supervisor at the IOB Unit at the Central Plant at the El Dorado, Arkansas facility to read and sign a copy of Defendant's policy prohibiting race discrimination and Defendant will give each manager and supervisor a copy of the policy.

2. Immediately after the training is administered, each such manager and supervisor will sign a statement affirming that he or she received the training, that they understand it is illegal to discriminate on the basis of race, and that their failure to follow company policy may subject the company to liability and result in their discharge.

3. Within 30 days after Defendant has met the requirements in this Section, Defendant will submit a report to Pamela B. Dixon, Senior Trial Attorney for the EEOC, at the address listed on the signature page of this Decree.

### VII. REPORTING

1. Defendant will provide two reports to the EEOC. Each report will describe all complaints of race discrimination at the IOB Unit of Defendant's El Dorado, Arkansas Central location, describe the investigation conducted by Defendant in response to each complaint, and indicate how Defendant resolved the complaint.

2. Each report will also include a certification by Defendant that the notice required to be posted pursuant to Section VIII of this Decree remained posted during

the 12 month period preceding the report.

    a.    Defendant will submit the first report within 12 months of entry of the Decree. Defendant will submit the second report within 17 months of entry of the Decree.

    b.    Defendant will forward each report to Pamela B. Dixon, Senior Trial Attorney, at the Little Rock Area office of the EEOC.

### VIII. POSTING AND POLICIES

1. The Defendant shall continue to conspicuously post at the IOB Unit of Defendant's El Dorado, Arkansas Central location the notice (poster) required by Title VII.

2. Within 30 days of the Effective Date, Defendant shall post and cause to remain posted for a period of 18 months at the IOB Unit at the Central Plant at its El Dorado, Arkansas facility the notice attached hereto as Exhibit A. The notice shall be in the same typeface and size as Exhibit A; and shall be on company letterhead.

### IX. RELIEF

1. In full settlement of this case and the EEOC Claims, the Commission shall have an allowed general unsecured claim of $80,000 against Defendant in Defendant's chapter 11 case, which shall be paid in cash from the Disputed Claims Reserve established under the Plan to Cecil Delphin, Robert Bennett, Murphy Chambliss, and Marcus Dunn, as instructed by the Commission.

2. Defendant will issue 1099 forms for the compensatory damages and W-2 forms for back pay damages for any amounts to be paid to persons receiving compensation hereunder, namely, Cecil Del[phin, Robert Bennett, Murphy Chambliss,

and Marcus Dunn.

3. Notwithstanding anything in the Plan to the contrary, within 30 days of the Effective Date of this Decree by the Court, Defendant shall separately mail checks via certified mail to the individuals specified in paragraph 1 above in the total amount set forth in paragraph 1 above based on the instructions provided to Defendant by the Commission. At the same time, Defendant will mail copies of the checks and related correspondence to Pamela B. Dixon, Senior Trial Attorney.

4. To the extent permitted by law, late payment of the checks shall be subject to the accrual of interest pursuant to 28 U.S.C. §1961.

## X. EXPUNGEMENT

The Defendant shall expunge from the personnel files of Cecil Delphin, Murphy Chambliss, Robert Bennett, and Marcus Dunn any reference to the charges of discrimination and this litigation.

## XI. NEUTRAL REFERENCE

Defendant agrees to give a neutral reference to any potential employers of Delphin, Chambliss, Bennett, and Dunn who request a job reference. Any such neutral reference shall be identical to the form demonstrated in Exhibit B. No mention of the EEOC charges of discrimination or this action will be made as part of the neutral reference.

## XII. NOTIFICATION OF SUCCESSORS

Defendant will provide to any potential purchaser of Defendant's business conducted at the IOB Unit at its Central Plant at its El Dorado, Arkansas operation or a purchaser of all or a portion of Defendant's assets maintained at the IOB Unit at its

Central Plant at its El Dorado, Arkansas operation, and to any other potential successor of said IOB Unit, prior written notice of the Commission's lawsuit, the allegations raised in the Commission's Complaint, and the existence of the Consent Decree and contents and obligations of the settlement.

## XIII.   ENFORCEMENT

If Defendant fails to comply with the terms of this Decree, the Commission has a right during the term of this Decree to enforce the obligations under the Decree. The Commission will provide at least 30 days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XIV.   COSTS

Each party shall bear that party's own costs, attorneys' fees, and expenses.

_____
HARRY F. BARNES
U.S. DISTRICT JUDGE

DATE: 7/8/11

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 1 1 2011

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

8

FOR DEFENDANT:

*[signature]*

JAMES M. GARY

Kutak Rock, LLP
One Union National Plaza
124 West Capitol Ave, 20th Floor
Little Rock, AR 72201

FOR THE COMMISSION:

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*[signature]*

FAYE A. WILLIAMS
Regional Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0088

*[signature]*

PAMELA B. DIXON
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
(501) 324-5065

9

## NOTICE

1. This Notice to all employees of the IOB Unit of the El Dorado, Arkansas Central location of Great Lakes Chemical Corporation (hereinafter "Great Lakes") is posted as part of an agreement between Great Lakes and the Equal Employment Opportunity Commission (EEOC) to post this notice for 18 months to reinforce the Company's policies concerning Title VII.

2. As part of the agreement, Great Lakes has agreed to train its supervisors and managers at the IOB Unit of the El Dorado, Arkansas Central Location on the prevention of race discrimination in the workplace.

3. Title VII of the Civil Rights Act of 1964, as amended, a federal law, provides that it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual because of such individual's race or color.

4. Great Lakes is committed to complying with Title VII in all respects and will not take any action against employees because they have opposed employment practices made illegal by Title VII or exercised their rights under the law by filing charges with the EEOC, or because they testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

5. If you believe that you have been discriminated against because of your race, or due to retaliation, you may contact the EEOC at the following national toll free number: 1-800-669-4000. If you have a TTY device for hearing impaired: TTY Number is 1-800-669-6820. You may also contact the EEOC's Memphis District Office at the following number: 1-501-324-5014 (TTY)

<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.</u>

This notice must remain posted for 18 months from the date below, and must not be altered, defaced, or covered by any material.

_____
Great Lakes Chemical Company

_____
Title

EXHIBIT A



Date

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of
_____ while employed at Great Lakes Chemical Corporation.

_____ worked at Great Lakes as a _____from _____ through
_____.   Company policy does not permit us to give out any more information
concerning _____'s employment.

Very truly yours,


Great Lakes Chemical Corporation




EXHIBIT B

